IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PEDRO RANGEL and<br>PEDRO RANGEL JR., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| CITY OF CHICAGO, CHICAGO POLICE<br>OFFICERS N. CHAPELLO, M. GONZALEZ,<br>M. MATKER, C. POKOJOWCZYK,<br>J. WASHKEVICH, M. WALTON and<br>R. LESLIE FIORITO, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )  JURY TRIAL DEMANDED |

## **COMPLAINT**

NOW COME Plaintiffs, PEDRO RANGEL and PEDRO RANGEL JR., by and through their attorneys, and complain of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS N. CHAPELLO, M. GONZALEZ, M. MATKER, C. POKOJOWCZYK, J. WASHKEVICH, M. WALTON and  R. LESLIE FIORITO, as follows:

### Introduction

1.  This action for excessive force and false arrest by Chicago police officers is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b).  On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**The Parties**

3. Plaintiff, Pedro Rangel, and his 16 year-old son, Pedro Rangel Jr., are residents of Chicago, Cook County, Illinois.

4. Defendants Chicago Police Officers N. Chapello (star no. 19730), M. Gonzalez (star no. 5003), M. Matker (star no. 5428), C. Pokojowczyk (star no. 3083), J. Washkevich (star no. 12022), M. Walton (star no. 5342) and R. Leslie (star no. 7646) (referred to collectively as "Defendant Officers") are police officers in the Chicago Police Department. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, which operates the Chicago Police Department. At all times relevant to the events complained of herein, Defendant City of Chicago was the employer of the Defendant Officers. The City of Chicago is sued pursuant to the doctrine of respondeat superior on the pendant state law claims.

**Background**

6. On the evening of July 28, 2009, Plaintiff Pedro Rangel Jr. sat with some friends on a neighbor's stoop.

7. Pedro Jr. and his friends were approached by Defendant Officer Chapello who accused them throwing something against a new condo in the area.

8. Pedro Jr. was talking on his cell phone and ignoring the Officer Chapello as he spoke to the group.

9. Defendant Chapello quickly became angry with Pedro Jr. and began yelling at him.

10. Defendant Chapello took off his Chicago police star and threw it on the ground, threatening to fight Pedro Jr.

11. Defendant Chapello pushed Pedro Jr. by the throat against the railing.

12. Defendant Chapello pushed Pedro Jr. so hard that the railing broke and Pedro Jr. fell to the ground.

13. Pedro Jr.'s father, Plaintiff Pedro Rangel, came outside shortly thereafter to find his son on the ground.

14. Defendant Chapello refused to provide any information to Mr. Rangel or the other neighbors who were now questioning his conduct. Instead, Defendant Chapello called for other police officers to come to the scene.

15. Shortly thereafter, the other Defendant Officers arrived on the scene.

16. Mr. Rangel persisted in attempting to question the officers about what had happened to his son.

17. Although Mr. Rangel did nothing other than inquire into the incident with his son, one or more of the Defendant Officers placed him under arrest. Mr. Rangel was pushed to the ground, handcuffed, and repeatedly struck, including that one or more of the Defendant Officers kicked Mr. Rangel after he was handcuffed.

### Count I – 42 U.S.C. § 1983
### Fourth Amendment – Excessive Force

18. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

19. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution against Plaintiffs.

20. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

21. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

22. As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiffs suffered injuries including bodily harm and emotional distress.

### Count II – 42 U.S.C. § 1983
### Fourth Amendment – False Arrest

23. Each of the foregoing paragraphs is incorporated as if restated fully herein.

24. As described more fully above, the Defendant Officers knowingly arrested Plaintiff Pedro Rangel without probable cause in violation of the Fourth Amendment to the United States Constitution.

25. As a result of the Defendant Officers' conduct, Plaintiff suffered injury including but not limited to emotional distress.

### Count III – 42 U.S.C. § 1983
### Fourth Amendment – Failure to Intervene

26. Each of the foregoing paragraphs is incorporated as if restated fully herein.

27. During the violations of Plaintiffs' constitutional rights, as described more fully above, one or more of the Defendant Officers stood by and watched without intervening to prevent the violations of Plaintiffs' constitutional rights.

28. These officers had a reasonable opportunity to prevent the harm had they been so inclined, but failed to do so.

29. As a result of the Defendant Officers' conduct, Plaintiff suffered injury including but not limited to emotional distress.

### Count IV – State Law Claim – Battery

30. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

31. As described more fully in the preceding paragraphs the actions of the Defendant Officers constituted offensive physical contact made without the consent of Plaintiffs.

32. Defendant Officers' actions were undertaken intentionally, willfully and wantonly and/or with reckless indifference and conscious disregard for Plaintiffs' safety.

33. As a result of the Defendant Officers' conduct, Plaintiffs suffered injury including but not limited to emotional distress.

### Count V – State Law Claim – Assault

34. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

35. The above-detailed conduct by Defendant Officers caused Plaintiffs to reasonably suffer apprehension of imminent bodily harm.

36. Defendant Officers performed the acts detailed above with the intent of causing such apprehension in Plaintiffs.

37. As a result of the Defendant Officers' conduct, Plaintiffs suffered injury including but not limited to emotional distress.

### Count VI – State Law Claim
### Indemnification – 745 ILCS 10/9-102

38. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

39. At the time of the events described above, Defendant Officers were employed by the Defendant City of Chicago.

40. Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

## Count VII – State Law Claim
### Respondeat Superior

41. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

42. In committing the acts alleged in the preceding paragraphs, Defendant Officers were employed by and acting as an agents of the City of Chicago.

43. Defendant City of Chicago is liable as principal for all torts committed by their agents.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the Defendants for compensatory damages and, because the Defendant Officers acted maliciously, wantonly, or oppressively, Plaintiffs seek punitive damages against them in their individual capacities, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

RESPECTFULLY SUBMITTED,


\_\_\_\_\_/s/ Amanda Antholt_____
One of the Attorneys for Plaintiff

Amanda Antholt
Christopher Smith
Robert W. Johnson
James Baranyk
Jennifer Marsh
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400