IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PEDRO RANGEL, and PEDRO RANGEL, JR., Plaintiffs, | |
| v. | No. 10 C 2750 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS N. CHAPELLO, M. GONZALEZ, M. MATKER, C. POKOJOWCZYK, J. WASHKEVICH, M. WALTON and R. LESLIE FIORITO, Defendants. | Judge Joan H. Lefkow |

## PROTECTIVE ORDER

THIS CAUSE COMING on to be heard on the Motion of Defendants, City of Chicago and Chicago Police Officers N. Chapello, M. Gonzalez, M. Matker, C. Pokojowczyk, J. Washkevich, M. Walton and R. Leslie Fiorito, IT IS HEREBY ORDERED:

That the Defendants' Motion for Protective Order be and hereby is allowed. The terms and conditions of this Protective Order are to be as follows:

1. This Protective Order shall govern all documents and other discovery materials produced concerning juvenile records of Pedro Rangel Jr., Santiago Rangel, and David Vaca.

2. Juvenile records shall fall under the definitions and terms set forth in 705 ILCS 405/.

3. The above described documentation is deemed "protected information" pursuant to this Protective Order.

4. Protected information shall be used by the Parties solely for the preparation and litigation of the captioned litigation and shall not be used in any other activity, nor given, shown, made available, discussed or otherwise communicated to anyone for any other purpose.

5. The Parties shall bring this Protective Order to the attention of all persons to whom protected information is disclosed. The Parties shall also obtain a signed agreement from all such persons to abide by the terms of this Protective Order prior to disclosing protected information.

6. Any documents produced pursuant to this Protective Order shall also be designated as confidential under the Qualified HIPAA and Confidential Matter Protective Order entered in this matter on October 25, 2010.

7. Document production falling under the guise of this Protective Order shall also comply with the Qualified HIPAA and Confidential Matter Protective Order entered in this matter on October 25, 2010.

8. That neither the taking of any action in accordance with the provisions of the Protective Order entered herein, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Further, the entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. Further, neither the taking of any action in accordance with the provisions of this Protective Order entered herein, nor the failure to object thereto, shall constitute a waiver of objections as to the admissibility of the protected information described herein.

9. Upon motion of any party for good cause shown, the Court may modify the terms of this Protective Order.

Dated: 2-24-11

_____
JUDGE